IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDEAL TRUIDALLE, K79979,** | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-02771-SPM |
| **ROB JEFFREYS,**<br>**DAVID M. MITCHELL,**<br>**CRYSTAL CROW,**<br>**J. REED,**<br>**UNKNOWN PARTY,**<br>**MRS. COWAN,**<br>**DANA NEWTON,**<br>**and C. HALE,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Fredeal Truidalle, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Pinckneyville Correctional Center (Pinckneyville), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff brings claims against Pinckneyville officials who denied his requests for grievance forms to complain about miscellaneous issues. (Doc. 1). Without the forms, Plaintiff could not exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), before bringing suit in federal court. *Id*. at 1-34. Plaintiff does not identify the issues he intended to grieve or the lawsuits he wanted to file.[1] *Id*. at 16-17. He blames the defendants for interfering with his access to the courts. *Id*. Plaintiff seeks money damages. *Id*. at 13.

The complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires

---

[1] Plaintiff only mentions his desire for more out-of-cell time, a prison job, and education programs.

the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous, malicious, or meritless must be dismissed. 28 U.S.C. § 1915A(b). The Court construes the factual allegations of the *pro se* complaint liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The Court designates the following claim in the *pro se* complaint:

**Count 1:** First and/or Fourteenth Amendment claim against Defendants for interfering with Plaintiff's access to the courts by denying his requests for grievance forms necessary to exhaust his administrative remedies before filing suit as required by the PLRA.

**Any other claim that is mentioned in the complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). When presented with a claim for interference with court access, the court employs a two-part test. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268.

Plaintiff claims that the defendants' refusal to provide him with grievance forms delayed

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

his filing of one or more lawsuits. However, he does not identify the lawsuits or point to any detriment he suffered as a result. Plaintiff's inability to exhaust his administrative remedies is not enough of a detriment to support this claim.

The PLRA only requires exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). It specifically states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Exhaustion of available administrative remedies is a precondition to suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). When administrative remedies are unavailable, the inmate is excused from the PLRA requirement that he exhaust administrative remedies before filing suit. A prison official's outright refusal to provide grievance forms is one situation that may render the grievance process unavailable. *See Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) (citing *Dale v. Lappin*, 376 F.3d at 655-56 (exhaustion not required when prison officials responsible for providing grievance forms refuse to give prisoner the forms necessary to file an administrative grievance). The Complaint states no First or Fourteenth Amendment claim against Defendants for interference with access to the courts based on Plaintiff's lack of access to grievance forms.

No independent Fourteenth Amendment due process claim arises from these allegations. Prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause. Therefore, the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Plaintiff's denial of access to grievance forms, alone, supports no due process claim. Absent any claim, the Complaint shall be dismissed.

**Disposition**

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against any defendants.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **July 28, 2023**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 22-cv-2771-SPM). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED:   June 30, 2023**

                                                                    **s/ *Stephen P. McGlynn*_**
                                                                    **STEPHEN P. MCGLYNN**
                                                                    **United States District Judge**