IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDEAL TRUIDALLE, K79979,** | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-02771-SPM |
| **LATOYA HUGHES,**<br>**DAVID MITCHELL,**<br>**CRYSTAL CROW,**<br>**J. REED,**<br>**C/O HALE,**<br>**C/O CORN,**<br>**MRS. COWAN,**<br>**DANA NEWTON,**<br>**and C. HALE,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Fredeal Truidalle on August 31, 2023. (Doc. 12). Plaintiff brings this civil rights action *pro se* under 42 U.S.C. § 1983 for constitutional deprivations stemming from the denial of grievance forms that he needed at Pinckneyville Correctional Center to challenge a "bogus" disciplinary ticket and to grieve unconstitutional conditions of confinement. *Id.*

The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous, malicious, or meritless must be dismissed. 28 U.S.C. § 1915A(b). The Court construes the factual allegations of the *pro se* complaint liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Page 1 of 7

**First Amended Complaint**

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 12, pp. 1-28): Plaintiff became eligible for clemency in April 2022. *Id*. at 9. He explains that one condition for clemency is being "STG free" in the year before filing his petition. The same month he became eligible, Plaintiff also received a "bogus STG ticket" for his involvement in a security threat group (STG).[1] *Id*.

Plaintiff attempted to challenge the ticket by filing a grievance before his disciplinary hearing occurred, in the hopes of having it reduced or downgraded to a less serious offense. *Id*. at 8-10. However, Pinckneyville's staff denied or delayed his requests for grievance forms. He was ultimately found guilty and punished with 120 days in segregation, loss of good time credits, and denial of privileges. Plaintiff claims the defendants interfered with the grievance process and prevented him from "put[ting] in for his clemency petition." *Id*.

For the first ten days in segregation, Plaintiff was placed in a cell with no power and no access to his property, including a hearing aid and eyeglasses. Plaintiff identifies no defendant who was actually aware of these conditions or caused them to continue. He later notified Officer Reed that his lack of access to grievance forms in segregation prevented him from complaining about the electricity and the bogus disciplinary ticket. *Id*.

Plaintiff now seeks money damages from the following defendants for First and/or Fourteenth Amendment violations: Latoya Hughes (IDOC Director), David Mitchell (warden), Crystal Crow (assistant warden), J. Reed (counselor), C/O Hale and C/O Corn (correctional staff), Mrs. Cowan (counselor supervisor), Dana Newton (law library supervisor), and C. Hale (grievance officer). *Id*.

---

[1] Plaintiff alleges that the internal affairs officer who issued his ticket was later terminated from employment for filing false reports on other inmates.

## Discussion

Based on the allegations, the Court designates the following counts in the *pro se* First Amended Complaint:

**Count 1:** Defendants interfered with Plaintiff's access to the courts by denying or delaying grievance forms necessary to challenge a "bogus" STG ticket before he filed a petition for clemency, in violation of his rights under the First and/or Fourteenth Amendments.

**Count 2:** Defendants interfered with Plaintiff's access to the courts by denying or delaying grievance forms necessary to complain about the lack of electricity in his segregation cell for ten days, in violation of his rights under the First and/or Fourteenth Amendments.

**Count 3:** Defendants interfered with Plaintiff's access to the courts by denying or delaying grievance forms necessary to complain about the lack of access to his eyeglasses and/or hearing aid while in segregation before filing an ADA complaint, in violation of his rights under the First and/or Fourteenth Amendments.

**Count 4:** Defendants deliberately disregarded Plaintiff's complaints about the lack of electricity in his cell for ten days in segregation beginning on or around April 26, 2022, in violation of his rights under the Eighth Amendment.

**Count 5:** ADA claim against Defendants for failing to accommodate Plaintiff's vision and hearing loss by denying access to his eyeglasses and hearing aid while he was in segregation beginning April 26, 2022.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[2]

### Counts 1, 2, and 3

Plaintiff's claims for the denial of court access consist of two parts. *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, he must set forth allegations demonstrating that prison officials failed to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Jenkins*, 977 F.2d at

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

268 (quotation and citation omitted). Second, he must also show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268. The allegations satisfy neither component of this claim.

According to the allegations, Defendants failed to provide Plaintiff with grievance forms. Prison grievance procedures are not constitutionally mandated in the first place, and no claim arises from the denial, delay, or mishandling of grievances by individuals who otherwise played no role in the underlying conduct. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Plaintiff does not allege that any defendants were involved in his underlying disciplinary action (Count 1), denial of electricity (Count 2), or denial of glasses and hearing aid (Count 3).

Moreover, Plaintiff's inability to file grievances and exhaust administrative remedies, through no fault of his own, did not impede his access to the courts. The PLRA poses no barrier to litigation in this context. The PLRA only requires exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). When administrative remedies are *unavailable*, an inmate is excused from the exhaustion requirement. *Id*. The Seventh Circuit Court of Appeals has made clear that a prison official's refusal to provide grievance forms is one scenario that renders the grievance process unavailable. *See Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) (citation omitted). The First Amended Complaint states no clam for interference with court access against the defendants, so Counts 1, 2, and 3 shall be dismissed.

Significantly, Plaintiff does not challenge his disciplinary ticket or finding of guilt, and he cannot do so under § 1983 if it still stands. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner cannot pursue a claim for money damages for an allegedly unconstitutional disciplinary proceeding that includes the revocation of good conduct credits until the disciplinary "conviction"

has been invalidated or expunged. *Id.* This is because a judgment in his favor would necessarily imply that the disciplinary action is invalid. *Id.* Unless his ticket is expunged or invalidated, Plaintiff's claim for money damages stemming from the disciplinary action taken against him is *Heck*-barred. *Edwards v. Balisok,* 520 U.S. 641, 649 (1997). The disciplinary ticket, disciplinary hearing, and guilty finding prevented him from pursuing a clemency petition—not his lack of access to grievance forms.

**Count 4**

The Eighth Amendment protects convicted prisoners from cruel and unusual punishment. U.S. CONST., amend VIII. Prison conditions amount to cruel and unusual punishment when: (a) the conditions are serious enough to deny an inmate of the minimal civilized measure of life's necessities; and (b) prison officials exhibit deliberate indifference to the state of affairs. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

Plaintiff complains that he was denied electricity for ten days in segregation. The Seventh Circuit has not decided whether the denial of electricity, alone, violates the Constitution, but a combination of conditions can do so when they deprive an inmate of a single, identifiable human need, such as food or warmth. *Gills v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Plaintiff's complaint focuses on this single deprivation and does not describe it with enough detail to satisfy the objective component of this claim at screening.

In addition, he identifies no defendants who knew about the lack of electricity when it occurred and exhibited deliberate indifference to it. Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An individual defendant will not be liable unless he "caused or participated" in a constitutional deprivation. *Id*. Although Plaintiff notified Officer Reed about his lack of access to grievance forms necessary to complain about the issue *after the fact*, this is not enough to show

the officer's personal participation in an ongoing constitutional deprivation. Count 4 shall therefore be dismissed for failure to state any claim for relief.

### Count 5

Plaintiff's stated desire to file an ADA complaint based on the denial of his hearing aid and eyeglasses is insufficient to articulate a claim under the Americans with Disabilities Act. These allegations do not satisfy basic pleading requirements under *Twombly* or Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Count 5 shall be dismissed without prejudice.

### Disposition

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 12) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 1, 2, 3, 4,** and **5**, are **DISMISSED** without prejudice against **ALL DEFENDANTS**.

Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **November 29, 2023**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. The Second Amended Complaint must stand on its own, without reference to any prior pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 22-cv-2771-SPM). The Second Amended Complaint is also subject to

review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED:**   November 1, 2023

                                          **s/ *Stephen P. McGlynn***
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**