IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDEAL TRUIDALLE, K79979,** | |
|       Plaintiff, | |
| v. | Case No. 22-cv-02771-SPM |
| **LATOYA HUGHES,**<br>**DAVID MITCHELL,**<br>**CRYSTAL CROW,**<br>**J. REED,**<br>**C/O HALE,**<br>**C/O CORN,**<br>**MRS. COWAN,**<br>**DANA NEWTON,**<br>**and C. HALE,** | |
|       Defendants. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Fredeal Truidalle seeks leave to proceed *in forma pauperis* (IFP) on appeal. (Doc. 18). For the reasons set forth below, his request shall be **DENIED**.

Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court may seek leave to appeal *in forma pauperis*, without prepayment of fees and costs, by filing an application in the district court. *See* FED. R. APP. P. 24(a)(1). The motion must be accompanied by an affidavit that: (1) demonstrates a party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id*. Grounds exist to deny a prisoner appellant pauper status when the prisoner has not established indigence, the appeal is taken in bad faith, or the prisoner has incurred three "strikes." *See Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998) (citing 28 U.S.C. § 1915(a)(2)-(3), (g)). Truidalle's request for IFP shall be denied on several grounds.

First, Truidalle did not file a formal notice of appeal. The Court received an unsigned "Affidavit In Support of Motion to Proceed On Appeal In Forma Pauperis" (Doc. 16) (First Affidavit) on January 2, 2024, and a signed Second Affidavit (Doc. 18) on January 12, 2024.[1] After receiving the unsigned version, the Court instructed Truidalle to resubmit a signed affidavit along with a notice of appeal. (Doc. 17). But, Truidalle returned the signed Second Affidavit without any other documents. (Doc. 18). Out of an abundance of caution, the Court has treated the Second Affidavit as a *combined* notice of appeal and IFP motion. (Docs. 18-20).

Second, Truidalle's IFP application is incomplete. He is required to support his request for IFP with a certified copy of his trust fund account statement for the six-month period preceding the filing of the appeal. This information should cover the time period between July 18, 2023 through January 18, 2024. The application contains no trust fund account information. In fact, Truidalle provided no financial documentation and requested no extra time to do so. The Court is unable to determine whether he is indigent.

Third, Truidalle's appeal is taken in bad faith. When making this determination, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). A district court must not apply an inappropriately high standard. *Pate*, 163 F.3d at 438. Even when applying a low bar, the Court finds that the appeal is frivolous.

This Court provided Plaintiff with three opportunities to file a complaint before dismissing

---

[1] Truidalle certified that he placed the Second Affidavit into the prison mail on January 10, 2024, which is twenty-eight days after entry of the Order Dismissing Case (Doc. 14) and Judgment (Doc. 15) on December 13, 2023. The Court accepts January 10, 2024, as the filing date of the Second Affidavit based on application of the prison mailbox rule. *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) (". . . [A] pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded.").

the case. The original Complaint was dismissed for failure to state a claim, after Plaintiff asserted claims for the denial of grievance forms he needed to complain about miscellaneous issues at Pinckneyville Correctional Center. (Doc. 1). The Court granted Truidalle leave to file an amended complaint if he wished to proceed with any claims. (Doc. 9). The First Amended Complaint followed. (Doc. 12). The Court dismissed it on the same grounds, *i.e.*, for failure to state a claim, after Truidalle again complained about the denial of grievance forms he needed to challenge certain aspects of his confinement, including a "bogus" disciplinary ticket, living conditions, and more. (Doc. 13). The Court nevertheless offered Truidalle one last opportunity to re-plead his claims in a Second Amended Complaint. *Id*. The final deadline for filing the Second Amended Complaint expired on November 29, 2023. *Id*. Truidalle filed nothing. He also requested no extension of time to amend. This Court entered an Order Dismissing Case and Judgment fourteen days after the final deadline expired. (Docs. 14 and 15). Truidalle received three separate opportunities to bring his claims and ultimately abandoned them. Given this, the Court finds that the appeal is taken in bad faith.

## Disposition

The Court hereby **CERTIFIES** that Plaintiff has taken this appeal in bad faith. Plaintiff's request to proceed on appeal *in forma pauperis* (Doc. 18) is **DENIED**. Plaintiff shall tender the appellate filing and docketing fee of $605.00 to the Clerk of Court in this District within fourteen days of entry of this order (on or before February 20, 2024) or reapply to the Seventh Circuit Court of Appeals for leave to appeal *in forma pauperis* within thirty days (on or before March 7, 2024).

**IT IS SO ORDERED.**

DATED: February 6, 2024             s/ *Stephen P. McGlynn*
                                 **STEPHEN P. MCGLYNN**
                                 **United States District Judge**